UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BROAD. MUSIC, INC.; EMI BLACKWOOD
MUSIC, INC.; PEERMUSIC III LTD.;
SCREEN GEMS-EMI MUSIC, INC.; and
WARMER-TAMERLANE PUBL'G CORP.,        1:16-CV-1398
                                     (GTS/ATB)
            Plaintiffs,

v.

RIDER ROCK'S HOLDING LLC d/b/a Rocks; and
LANCE J. RIDER,

            Defendants.
_____

APPEARANCES:                          OF COUNSEL:

HARRIS BEACH PLLC                     NEAL L. SLIFKIN, ESQ.
  Counsel for Plaintiffs
99 Garnsey Road
Pittsford, NY 14534

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this copyright infringement action filed by Broadcast Music, Inc., EMI Blackwood Music, Inc., Peermusic III Ltd., Screen Gems-EMI Music, Inc., and Warner-Tamerlane Publishing Corp. ("Plaintiffs"), against Rider Rock's Holding, LLC, and Lance J. Rider ("Defendants"), is Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 13.) For the reasons stated below, Plaintiffs' motion is granted.

## I.     RELEVANT BACKGROUND

### A.     Plaintiffs' Complaint

Liberally construed, Plaintiffs' Complaint asserts the following four claims against Defendants: (1) a claim of copyright infringement of "And When I Die" by Laura Nyro; (2) a claim of copyright infringement of "Georgia On My Mind" by Stuart Gorrell and Hoagy Carmichael; (3) a claim of copyright infringement of "Hello It's Me" by Todd Rundgren; and (4) a claim of copyright infringement of "She Talks to Angels" by Chris Robinson and Rich Robinson. (*See generally* Dkt. No. 1.) Generally, in support of this claim, Plaintiffs' Complaint alleges as follows: (1) Broadcast Music, Inc. ("BMI") "reached out to Defendants more than seventy (70) times by phone, mail, and e-mail" to "educate Defendants as to their obligations under the Copyright Act"; (2) BMI sent Defendants Cease and Desist Notices, providing formal notice to Defendants that they needed to cease all use of BMI-licensed music in Defendants' establishment; and (3) Defendants' entire course of conduct has caused and is causing Plaintiffs "great and incalculable" damage by continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment. (*Id.*)

### B.     Plaintiffs' Service of Their Complaint and Defendants' Failure to Answer

On November 23, 2016, Plaintiffs served their Complaint on Defendants. (Dkt. No. 3.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C.     Clerk's Office's Entry of Default and Defendants' Non-Appearance

On January 12, 2017, Plaintiffs filed a request entry of default. (Dkt. No. 9.) On January 18, 2017, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P.

55(a).  (Dkt. No. 10.)  As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default.  (*See generally* Docket Sheet.)

### D. Plaintiffs' Motion for Default Judgment and Defendants' Non-Response

On February 21, 2017, Plaintiffs filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 13.)  As of the date of this Decision and Order, Defendants have filed no response to that motion.  (*See generally* Docket Sheet.)

Generally, in support of their motion for default judgment, Plaintiffs argue as follows: (1) Defendants' default establishes their liability; (2) because Plaintiffs should not be required to bring a lawsuit to protect their rights, having to do so shows irreparable injury, (3) monetary damages do not provide an adequate reward for this type of copyright infringement; and (4) it is in the public's interest to ensure future copyright holders are protected from infringers; thus favoring an injunction.  (Dkt. No. 13, Attach. 11.)  Familiarity with the particular grounds for Plaintiffs' motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an

3

opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III.  ANALYSIS

#### A.  Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that, under the circumstances, Plaintiffs have met their modest threshold burden of establishing

opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III.  ANALYSIS

#### A.  Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that, under the circumstances, Plaintiffs have met their modest threshold burden of establishing

entitlement to default judgment against Defendants on the issue of liability.[1]  The Court notes that Plaintiffs' motion would survive even the heightened scrutiny appropriate on a contested motion.  For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants.  However, no Answer has been filed and no one has appeared on behalf of Defendants.  In addition, the Clerk of the Court has already entered default against Defendants, and Plaintiffs have served Defendants with their motion for the issuance of default judgment.  Defendants have still neither responded to the motion nor appeared in this action.  Finally, the Court finds that the factual allegations of Plaintiffs' Complaint are sufficient to state a claim upon which relief can be granted.  *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability") (internal quotation marks omitted).

For each of these alternative reasons, the Court grants Plaintiffs' motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

**B.    Requested Relief**

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that, under the circumstances, Plaintiffs' have met their burden of establishing a valid basis for the statutory damages they seek. The Court notes that, while a hearing to fix the amount of damages may be conducted,[2] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[3] Here, the Court makes such a finding.

For example, in support of its damages request, Plaintiffs have provided, *inter alia*, the Declarations of Brian Mullaney[4] and Neil Slifkin,[5] which demonstrate that Defendants are indebted to Plaintiffs in the amount of $24,000 in statutory damages (specifically, $6,000 on each of Plaintiffs' four claims).

With respect to Plaintiffs' request for attorney's fees, granted, a time sheet (indicating the hours expended and nature of the work don) has not been provided. However, the Court finds that the number of hours worked (i.e., 15.5) is reasonable. With regard to a reasonable hourly rate, the Court finds that the requested hourly rate of $450 is considerably higher than what is

---

[2]     Fed. R. Civ. P. 55(b).

[3]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations," a full evidentiary hearing was not necessary).

[4]     (Dkt. No. 13, Attach. 2.)

[5]     (Dkt. No. 13, Attach. 3.)

usually expected in the Northern District of New York. For recent cases in this District, hourly rates have ranged from $250 to $345 for partners of a firm. *Berkshire Bank v. Tedeschi*, 11-CV-0767 2015 WL 235848, at *3 (N.D.N.Y. Jan. 16, 2015) (Kahn, J.). However, the courts within this District "consistently deem $300 to be a reasonable hourly rate for an experienced partner." *Seidenfuss v. Diversified Adjustment Servs., Inc.*, 15-CV-1210 2016 WL 1047383, at *2 (N.D.N.Y. Mar. 15, 2016) (Hurd, J.). Applying this rate in this case, the Court grants $4,650 in attorney's fees to Plaintiffs.

Therefore, the Court concludes that Plaintiffs have met their burden of establishing a valid basis for damages and attorney's fees, and that default judgment against Defendants, awarding Plaintiffs $28,650 in damages and attorney's fees, is appropriate plus statutory interest pursuant to 28 U.S.C. § 1961.[6]

Finally, with respect to Plaintiffs' request for a permanent injunction, the Court finds that BMI has shown that it is entitled to injunctive relief under 17 U.S.C. § 502, and that it has met the prerequisites for the issuance of an injunction for the same reasons as found in *Broad. Music, Inc. v. Bayside Boys, Inc.*, 12-CV-3717, 2013 WL 5352599, at *7 (E.D.N.Y. Sept. 23, 2013).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for entry of default judgment against Defendants (Dkt. No. 13) is **GRANTED**; and it is further

---

[6] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in Plaintiffs' favor against Defendants in the amount of **TWENTY-EIGHT THOUSAND SIX HUNDRED FIFTY DOLLARS ($28,650)** plus statutory interest pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED** that Defendants Rider Rock's Holding, LLC, d/b/a Rocks and its agents, servants, employees, and all persons acting under their permission and authority, and Lance J. Rider, individually, is **PERMANENTLY ENJOINED AND RESTRAINED** from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

Date:   July 14, 2017
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge